812 F.2d 1402
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Appellee,
v.
Robert Neal RAINES, Appellant.
 No. 85-5568.
 United States Court of Appeals, Fourth Circuit.
 Argued Dec. 10, 1986.
Decided Feb. 9, 1987.
 
 Michael J. Kelly (Kelly & Lewis, P.C. on brief) for appellant.
 Thomas 0. Mucklow, Assistant U.S. Attorney (William A. Kolibash, United States Attorney, David E. Goodwin, Assistant U.S. Attorney on brief) for appellee.
 Before RUSSELL, SPROUSE and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Robert Neal Raines was a member of a 1982 federal grand jury impaneled in Parkersburg, West Virginia, to investigate a drug conspiracy. Information concerning the grand jury's proceedings was leaked to targets of the investigation. A second grand jury was then impaneled to investigate the leak of information from the initial grand jury. This subsequent grand jury investigation led to Raines' conviction for contempt in 1985. 18 U.S.C. Sec. 401. Raines was also convicted in 1985 for perjury--knowingly giving false testimony before the second grand jury. 18 U.S.C. Sec. 1623(a). This appeal is from Raines' perjury conviction.[1]
 
 
 2
 At Raines' trial on the contempt charge, the government introduced evidence that Raines contacted a principal target of the first grand jury investigation and furnished the target with tape recordings of testimony given before that grand jury. However, when the second grand jury was investigating this leak of information, Raines testified that he knew nothing about the breach of the initial grand jury's confidentiality. Raines' perjury conviction was based on this false declaration before the second grand jury.
 
 
 3
 In appealing his perjury conviction, Raines raises two evidentiary objections. He contends that the district court erred when it allowed testimony that Raines left his business card at a taxi stand for delivery to the principal target of the initial grand jury investigation, when neither the card nor the individual to whom it was given was available at trial. Raines also contends that the court erred in admitting the grand jury testimony[2] of the principal narcotic conspirator, after that individual invoked the privilege against self-incrimination and refused to testify at Raines' perjury trial.
 
 
 4
 We find no error and affirm the judgment of the district court.
 
 
 5
 AFFIRMED.
 
 
 
 [1]
 Raines previously appealed his contempt conviction to this court. That conviction was affirmed in United States v. Raines, No. 85-5549, (4th Cir., June 18, 1986) (unpublished)
 
 
 [2]
 This testimony was given before a third grand jury; one impaneled to investigate whether Raines lied to the Second grand jury